United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:

Nathanial Neal, Jr. and Carol Ann Neal,                    Case No. 08-57254-R
                                Debtor.                     Chapter 7
_____/

Opinion

I.

The debtors filed their chapter 7 petition on July 17, 2008. Pre-petition, on June 13, 2005, the debtors entered into a home equity line of credit with Public Service Credit Union ("PSCU") in the amount of $20,000. PSCU never recorded its mortgage.

On September 23, 2008, the trustee filed an adversary proceeding against PSCU to avoid the mortgage. On June 18, 2009, the Court entered its opinion and order avoiding the mortgage pursuant to §§ 544(a)(1) and 547(b).

The trustee has filed a motion for order compelling the debtors to vacate property of the estate. The debtors have filed a motion to compel the trustee to abandon the property.

II.

The trustee seeks an order compelling the debtors to vacate the property so that she can market the property for sale. The trustee contends the property at issue constitutes property of the estate. Further, the trustee argues that in order for the debtors to receive any money on account of their claimed exemptions, the lien, which has been preserved for the benefit of the estate, must first be satisfied. The trustee contends that the debtors have interfered with her efforts to market the property, necessitating their removal.

In support of their motion to compel the trustee to abandon property, the debtors contend that they have an allowed exemption totaling $30,000, which exceeds the $25,000 value of the property. Therefore, they contend that the trustee's lien has no value.

In response to the trustee's motion to compel the debtors to vacate the property, the debtors argue that the trustee's remedy as lien creditor under § 541(a)(1) is foreclosure of the lien, with the debtors having a right to redemption.

III.

11 U.S.C. § 551 provides that when a transfer is avoided the transfer is "preserved for the benefit of the estate." 11 U.S.C. § 551. Section 541 then makes explicit that any interest that is "preserved for the benefit of . . . the estate under section . . . 551" is part of the bankruptcy estate. 11 U.S.C. § 541(a)(4). Pursuant to § 704(a)(1), the trustee shall "collect and reduce to money the property of the estate . . . ."

The debtors contend that their exemptions in the property have priority over the trustee's interest. This argument must be rejected. In *In re Bethea*, 275 B.R. 127, 129 (Bankr. D. Colo. 2002), the court explained:

> Avoidance of the mortgage lien under 11 U.S.C. § 547 by the trustee would result in the mortgage lien's automatic preservation for the benefit of the bankruptcy estate under 11 U.S.C. § 551. *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 584 (9th Cir. BAP 1996); *In re The Greater Southeast Community Hosp. Found., Inc.*, 237 B.R. 518, 522-23 (Bankr.D.D.C.1999); *Kepler v. Weis (In re Weis)*, 92 B.R. 816, 821 (Bankr. W.D. Wis. 1988). From the perspective of assaying the debtor's exemptions, the lien is never avoided because the trustee's avoidance of the lien only results in a simultaneous change in ownership of the lien, not a freeing of the property from the lien. *See In re Aumiller*, 168 B.R. 811, 814 n. 1 (Bankr.D.D.C.1994).

The debtors are only entitled to an exemption to the extent there is equity in the property.

2

In *Drummond v. Urban* (*In re Urban*), 375 B.R. 882, 886 (B.A.P. 9th Cir. 2007), the court stated:

> Section 522(d) exempts the debtor's interest in property-not the property itself. The value that can be exempted is the unencumbered portion. Consequently, the amount of exemption available to a debtor is the lesser of either the equity in the property or the maximum amount of the applicable exemption.

The debtors also contend, without support, that the trustee cannot simply sell the property, but must foreclose on the lien. This argument is rejected as well. As noted above, § 704(a) authorizes the trustee to collect and reduce to money property of the estate. Further, § 363(b) authorizes the trustee to sell property of the estate. The trustee is not acting as a lien creditor in seeking to sell the property, she is acting as a trustee, selling estate property as required by the bankruptcy code.

The record establishes the debtor's failure to cooperate with the trustee in the marketing of this property and that therefore she is entitled to the removal of the debtors from the property so that she can carry out her duties.

Accordingly, the trustee's motion is granted and the debtors' motion is denied. The trustee's attorney may submit an appropriate order for entry. Presentment is waived.

For Publication.

**Signed on February 08, 2010**

/s/ Steven Rhodes
**Steven Rhodes**
**United States Bankruptcy Judge**
